BANK OF COLLEGE VIEW, APPELLANT, V. J. F. NELSON ET
AL., APPELLEES.

FILED MAY 6, 1921.    No. 21453.

Banks and Banking: EXCESSIVE LOAN. As a general rule, courts will not refuse to enforce a bank's contract for the loan of money, or disallow damages for a breach thereof, merely because the amount lent exceeds 20 per cent. of the capital and surplus, notwithstanding a statute penalizing the banker for exceeding that limit.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. Affirmed.

Fred C. Foster, O. K. Perrin and S. M. Kier, for appellant.

Hall, Baird & Williams, contra.

ROSE, J.

Plaintiff is a state bank. It brought this action on two promissory notes, one for $1,390 and the other for $400. Defendants had executed and delivered the notes, which were due and unpaid, and made no defense to them, but pleaded a counterclaim for damages amounting to $17,500 for the breach of a contract obligating plaintiff to lend them approximately $6,500 for the specific purpose of constructing a garage on lots owned by them in College View. The answer to the counterclaim alleged that the contract for the loans was unlawful and void because performance required the violation of a statute prohibiting plaintiff from lending to an individual more than 20 per cent. of its capital and surplus. Rev. St. 1913, sec. 312. The facts pleaded by plaintiff in the answer to the counterclaim were put in issue by a reply. The trial court directed a verdict in favor of plaintiff for the amount due on the notes—$2,056.27. On the counterclaim for damages the jury rendered a verdict in favor of defendants for $2,056.37. Defendants recovered a judgment for

10 cents, the difference between the two items. Plaintiff has appealed.

The issues of fact and the amount of the damages resulting from plaintiff's breach of the contract to make the loans were, upon sufficient admissible evidence, settled by the jury in favor of defendants.

Was the contract void in the sense that plaintiff could violate it without becoming liable for resulting damages? In limiting the amount of an individual loan to 20 per cent. of the capital and surplus and in directing punishment for exceeding that limit, the statute established a rule for the government of the bank. Rev. St. 1913, sec. 312. The penalty for violating the act applies to "any officer, director, or employee" of the bank. An excessive loan does not subject the borrower to a penalty. He does not stand before the statute in the same light as the offending banker. The penalty is a matter between the state and the lender. The general rule is that an excessive borrower cannot prevent the collection of his debt by pleading and proving a violation of the statute. In demanding performance of the bank's contract for an excessive loan, the borrower is not in a worse situation than the banker who is subject to a penalty for violating the law governing the bank in the transaction of its business. The borrower has nothing to do with the business management to which the statutory limitation applies. The maximum amount lendable to an individual varies with the capital and surplus. The facts are not equally available to both contracting parties at all times. The statute does not declare that excessive loans are void. They are generally enforced. In the present case both parties had performed the contract to such an extent that a heavy loss fell on the borrowers through failure of the lender to perform fully all of its obligations. Where the law permits a bank to enforce a contract for an excessive loan, it should not be permitted to escape liability for the damages resulting from its failure to fully perform such a contract. For these and other reasons, the great weight

of modern authority supports the doctrine that courts will not refuse to enforce a bank's contract for the loan of money, or disallow damages for a breach thereof, merely because the amount lent exceeds 20 per cent. of the capital and surplus, notwithstanding a statute penalizing the banker for exceeding that limit. 7 C. J. 712, 713, secs. 445-450; *Blochman Commercial & Savings Bank v. F. G. Investment Co.*, 177 Cal. 762; *Goldstein v. Union Nat. Bank*, 109 Tex. 555; *Schuber v. McDuffee*, 169 Pac. (Okla.) 642. To this rule the courts of Nebraska are committed. *Smith v. First Nat. Bank*, 45 Neb. 444.

With the principal question of law thus determined in favor of defendants, no prejudicial error has been found in the rulings on evidence or in the giving or refusing of instructions.

AFFIRMED.