SCHUYLER STATE BANK, APPELLEE, V. THEOFIL J. CECH, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLANT, DAVID W. FLORY ET AL., THIRD-PARTY DEFENDANTS, APPELLEES.

423 N.W.2d 464

Filed May 20, 1988.   No. 86-508.

Lawrence H. Yost and David C. Mitchell of Yost, Schafersman, Yost, Lamme & Hillis, P.C., for appellant.

Terrence L. Michael and William G. Dittrick of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellees Flory et al.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and BLUE, D.J.

PER CURIAM.

In the "Second Cause of Action" of its petition, Schuyler State Bank alleged that Schuyler Farm Supply, Inc. (Farm Supply), gave the bank five promissory notes in the aggregate principal of $1,228,531 and that, after credit for payments, principal of $1,130,318 was unpaid on Farm Supply's notes. The bank also alleged other advances of $167,993 to Farm Supply, none of which had been repaid. The total principal of Farm Supply's indebtedness was $1,298,311. Theofil J. Cech had given his unconditional guaranties for Farm Supply's debts to the bank. On the basis of those guaranties, the bank sought a judgment.

Under Neb. Rev. Stat. § 25-331 (Reissue 1985), Cech filed a third-party action against David W. Flory, James L. Hampl, Ernest J. Krejci, Gerald Krejci, and Ronald J. Krejci, directors of the bank.

In his third-party complaint, Cech alleged that the bank's loans and advances to Farm Supply "exceeded 25% of the paid-up capital, surplus, and capital notes and debentures of Schuyler State Bank, contrary to Nebraska law." Cech alleged that he was a "creditor or otherwise interested party at the time the loans and advances were made by virtue of his alleged

guarantee relationship" with the bank. According to Cech, the third-party defendants, as the bank's directors, "participated in or knowingly assented to all of the loans and advances" to Farm Supply which were the subject of the second cause of action in the bank's petition. Cech then alleged:

As a consequence of the excess loans and advances made by the directors, Theofil J. Cech may sustain damages. Said damages will be as a result of his alleged guarantee to Schuyler State Bank, in which event Theofil J. Cech will be entitled to a judgment against the directors equal to any judgment which may be rendered against him based upon his alleged guarantee of the loans and advances as set forth in plaintiff's Second Cause of Action.

WHEREFORE, the Third Party Plaintiff prays that in the event a judgment should be rendered against him in these proceedings that he then have judgment against the Third Party Defendants and each of them for his damages as set forth herein and for the costs of this action.

The directors filed a joint demurrer, claiming that Cech's third-party complaint did not state facts sufficient for a cause of action. See Neb. Rev. Stat. § 25-806(6) (Reissue 1985). The court sustained the directors' demurrer and, when Cech elected not to replead and to stand on his third-party complaint, dismissed Cech's third-party action.

Neb. Rev. Stat. § 8-141 (Reissue 1983) provides in part:

No bank shall directly or indirectly loan to any single corporation, firm, or individual, including in such loans all loans made to the several members or shareholders of such firm or corporation, for the use and benefit of such corporation, firm, or individual, more than twenty-five per cent of the paid-up capital, surplus, and capital notes and debentures of such bank.

Neb. Rev. Stat. § 8-143 (Reissue 1983) states:

If the directors of any bank shall knowingly violate or knowingly permit any of the officers, agents, or servants of the bank to violate any of the provisions of section 8-141, all rights, privileges, and franchises of the bank shall be thereby forfeited. Before such charter shall be declared forfeited, such violation shall be determined and

adjudged by a court of competent jurisdiction in a suit brought for that purpose by the director in his own name. In case of such violation, every director who participated in or knowingly assented to the same shall be held liable in his personal and individual capacity for all damages which the bank, its shareholders, or any other person shall have sustained in consequence of such violation.

In *Bank of College View v. Nelson*, 106 Neb. 129, 183 N.W. 100 (1921), the bank sued on a promissory note for a loan which exceeded the limit imposed by a statute similar to § 8-141. This court enforced both the promissory note and an agreement regarding the underlying debt represented by the promissory note, and stated:

> The general rule is that an excessive borrower cannot prevent the collection of his debt by pleading and proving a violation of the statute. . . . The statute does not declare that excessive loans are void. They are generally enforced. In the present case both parties had performed the contract to such an extent that a heavy loss fell on the borrowers through failure of the lender to perform fully all of its obligations. Where the law permits a bank to enforce a contract for an excessive loan, it should not be permitted to escape liability for the damages resulting from its failure to fully perform such a contract.

*Id*. at 130, 183 N.W. at 101.

Therefore, a violation of § 8-141 does not nullify a bank loan which exceeds the limit imposed by that statute.

Similar to our holding in *Bank of College View v. Nelson, supra*, the majority of jurisdictions recognize that a bank may recover for a loan which exceeds a statutorily imposed limit for a bank loan and that such status as a loan in excess of a statutory limit is not a defense for a debtor or the debtor's guarantor in an action to recover the statutorily excessive loan. See, *Gold-Mining Co. v. National Bank*, 96 U.S. 640, 24 L. Ed. 648 (1877); *In re Hartley*, 52 Bankr. 679 (Bankr. N.D. Ohio 1985); *First Am. Nat. Bank of Iuka v. Alcorn, Inc.*, 361 So. 2d 481 (Miss. 1978); *State of Arizona v. Versluis*, 58 Ariz. 368, 120 P.2d 410 (1941); *Burns v. Corn Exchange Nat. Bank*, 33 Wyo. 474, 240 P. 683 (1925); *Blochman Com. etc. Bk. v. F. G. Invest.*

*Co.*, 177 Cal. 762, 171 P. 943 (1918); *Caroline State Bank v. Radtke*, 213 Wis. 110, 250 N.W. 763 (1933); Annot., Liability of Guarantor of Obligations to Bank as Affected by Limitation of Amount Which Bank May Legally Loan, 92 A.L.R. 341 (1934); Annot., Noncompliance by Bank with Statutory Provisions Relating to Loans or Discounts as Defense to Recovery of Loan or Enforcement of Its Security, 125 A.L.R. 1512 (1940); 10 Am. Jur. 2d *Banks* § 684 (1963).

In this case, however, Cech does not use the alleged violation of § 8-141 as a defense to the bank's action. Rather, Cech, relying on § 8-143, asserts a cause of action against the bank's directors and seeks damages in the event he is liable to the bank as the result of his guaranties for Farm Supply's indebtedness. To dispose of this appeal, we assume, but neither decide nor hold, that Cech, as a guarantor, is "any other person" entitled to recover damages in accordance with § 8-143.

Section 25-331 authorizes a third-party action by a defendant, as a third-party plaintiff, against a person, initially not a party to the action, who is or may be liable to the initial defendant for all or part of the plaintiff's claim against the defendant. A third-party claim under § 25-331 may be asserted when a third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant. *Church of the Holy Spirit v. Bevco, Inc.*, 215 Neb. 299, 338 N.W.2d 601 (1983). The basic function of third-party practice is the original defendant's seeking to transfer to the third-party defendant the liability asserted by the original plaintiff. *Church of the Holy Spirit v. Bevco, Inc., supra.* See, also, *AgriStor Credit Corp. v. Radtke*, 218 Neb. 386, 356 N.W.2d 856 (1984); *Life Investors Ins. Co. v. Citizens Nat. Bank*, 223 Neb. 663, 392 N.W.2d 771 (1986).

Since Cech may be liable to Schuyler State Bank as a result of his guaranties, Cech's liability may be transferred to the bank's directors as third-party defendants in a third-party action under § 25-331.

When a third-party complaint fails to state facts sufficient to constitute a cause of action, such complaint is subject to a demurrer. See, § 25-806(6); *Schweitz v. Robatham*, 194 Neb. 668, 234 N.W.2d 834 (1975).

For a cause of action against bank directors who may be liable under § 8-143 for a bank loan, a plaintiff must factually allege that (1) the loan exceeds the limit imposed by § 8-141; (2) the directors participated in or knowingly assented to the violation of § 8-141; (3) the plaintiff is a person entitled to relief under § 8-143, namely, "the bank, its shareholders, or any other person"; and (4) the plaintiff has sustained damages as the result of the loan in excess of the limit prescribed by § 8-141. See *Department of Banking v. McMullen*, 134 Neb. 338, 278 N.W. 551 (1938).

As used in § 25-806(6) concerning a demurrer, a statement of "facts sufficient to constitute a cause of action" means "a narrative of the events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff." *Johnson v. Ruhl*, 162 Neb. 330, 334-35, 75 N.W.2d 717, 720 (1956). See, also, *Rhoads v. Columbia Fire Underwriters Agency*, 128 Neb. 710, 260 N.W. 174 (1935).

When ruling on a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. See, *Hebard v. AT&T, ante* p. 15, 421 N.W.2d 10 (1988); *Ambroz v. Cornhusker Square Ltd.*, 226 Neb. 899, 416 N.W.2d 510 (1987); *Abboud v. Lakeview, Inc.*, 223 Neb. 568, 391 N.W.2d 575 (1986); *Fisher v. Housing Auth. of City of Omaha*, 214 Neb. 499, 334 N.W.2d 636 (1983); *State ex rel. Warren v. Kleman*, 178 Neb. 564, 134 N.W.2d 254 (1965).

We now examine Cech's third-party complaint to determine whether it states facts sufficient to constitute a cause of action against the directors of Schuyler State Bank.

Violation of a statute must be a proximate cause of an injury if liability for damages is to be predicated on such violation. See, *Davis v. Wolfe*, 263 U.S. 239, 44 S. Ct. 64, 68 L. Ed. 84 (1923); *St. L. & Iron Mtn. Ry. v. McWhirter*, 229 U.S. 265, 33 S. Ct. 858, 57 L. Ed. 1179 (1913); *Daggett v. Keshner*, 284 A.D. 733, 134 N.Y.S.2d 524 (1954); 73 Am. Jur. 2d *Statutes* § 437 (1974). Cf. *Stapleton v. Norvell*, 193 Neb. 71, 75, 225 N.W.2d

409, 412 (1975): "Negligence consisting in whole or in part of the violation of statutes or ordinances, like other negligence, is without legal consequence unless it is a contributing cause of the injury for which recovery is sought." (Citing *Hersh v. Miller*, 169 Neb. 517, 99 N.W.2d 878 (1959).)

Schuyler State Bank seeks a judgment against Cech as the result of his contractual liability from his guaranties for Farm Supply's indebtedness to the bank. Because a bank loan exceeding the limit imposed by § 8-141 is not void, but may be recovered in an action against the debtor or the debtor's guarantor, Cech may be liable for the entire balance on the bank loans to Farm Supply, irrespective of the limit imposed by § 8-141. Assuming the enforceability of Farm Supply's debts to the bank, then Cech's guaranties are a cause of his damages. In view of his reliance on § 8-143 for a cause of action against the bank's directors, Cech would have no cause of action if the bank loans to Farm Supply had been within the limit imposed by § 8-141. Therefore, Cech's third-party action relates to his liability for an amount exceeding the limitation prescribed in § 8-141, which Cech seeks to transfer to the bank's directors. Although he alleges that the bank loans initially exceeded the limit of § 8-141 and, therefore, violate that statute, Cech does not allege that the balances of those loans are any amount exceeding the limit imposed by § 8-141. Cech's third-party complaint, by its own contents or reference to other pleadings, does not specify or otherwise indicate the amount of the paid-up capital, surplus, capital notes, and debentures of Schuyler State Bank. Without identification of that amount, the monetary limitation, to be ascertained for application of § 8-141, cannot be computed and, therefore, is unknown. Since Cech's third-party complaint does not contain an allegation that Cech may be liable for an amount in excess of the limit imposed by § 8-141, Cech did not allege that a violation of § 8-141 has caused or may cause damage to him, which is a necessary element of the cause of action under § 8-143.

The district court correctly sustained the demurrer of the third-party defendants and, when Cech elected not to plead further, properly dismissed Cech's third-party complaint.

AFFIRMED.