PERRY CROW, APPELLANT, V. RALPH L. GIEBELHAUS AND DONNA R. GIEBELHAUS, APPELLEES.

486 N.W.2d 207

Filed July 10, 1992. No. S-89-1324.

Leonard Dunker for appellant.

James E. Gordon and David A. Hecker, of Erickson & Sederstrom, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Perry Crow commenced a negligence action against Ralph L. Giebelhaus and Donna R. Giebelhaus concerning Crow's bodily injuries. Giebelhauses jointly demurred and claimed that Crow's petition did not allege sufficient facts to state a cause of action. See Neb. Rev. Stat. § 25-806(6) (Reissue 1989) (insufficient factual allegations for a cause of action). The district court for Lancaster County sustained the Giebelhaus demurrer, failed to allow Crow an opportunity to amend his petition, and dismissed the action.

A court's dismissal of an action after a demurrer has been sustained to a petition and a plaintiff declines to replead is a final order. See, *Balfany v. Balfany*, 239 Neb. 391, 476 N.W.2d 681 (1991); *Bert Cattle Co. v. Warren*, 238 Neb. 638, 471 N.W.2d 764 (1991).

## STANDARD OF REVIEW

"In reviewing an order sustaining a demurrer, an appellate court accepts the truth of facts well pled and the factual and legal inferences which may reasonably be deduced from such facts, but does not accept conclusions of the pleader." *Balfany v. Balfany*, 239 Neb. at 392, 476 N.W.2d at 683. See, also, *Weiner v. Hazer*, 230 Neb. 53, 430 N.W.2d 269 (1988).

> "When ruling on a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial."

*Security Inv. Co. v. State*, 231 Neb. 536, 538, 437 N.W.2d 439, 442 (1989) (quoting from *Schuyler State Bank v. Cech*, 228 Neb. 588, 423 N.W.2d 464 (1988)). Accord *Balfany v. Balfany*,

6

*supra.*

"As used in § 25-806(6) concerning a demurrer, a statement of 'facts sufficient to constitute a cause of action' means 'a narrative of the events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff.' " *Schuyler State Bank v. Cech*, 228 Neb. at 593, 423 N.W.2d at 468. Accord *Balfany v. Balfany, supra.*

## CROW'S PETITION

In framing his petition, Crow apparently relied on *Rogers v. Navajo Freight Lines, Inc.*, 186 Neb. 502, 184 N.W.2d 623 (1971), wherein the plaintiff, who was not employed by the defendant, was, nevertheless, solicited by defendant's employees to assist in loading a truck and was injured in a loading accident as the result of negligence by one of the defendant's employees. In *Rogers*, this court affirmed the plaintiff's judgment in the negligence action. We note that, more recently, in *Trackwell v. Burlington Northern RR. Co.*, 235 Neb. 224, 454 N.W.2d 497 (1990), this court also recognized a negligence cause of action by a state trooper against a railroad, when the trooper was injured while assisting the railroad's employees in removal of a derailed track car which was blocking the railroad's main line.

According to Crow's petition, on October 21, 1985, the date of the accident, Crow was employed by Wyuka Cemetery, a public corporation, for which Ralph Giebelhaus was the general manager. Ralph Giebelhaus and another Wyuka employee, Donna Giebelhaus, were partners in Giebelhaus Memorials, which, independent of Wyuka Cemetery, sold, delivered, and installed cemetery monuments. As a result of his managerial capacity with Wyuka Cemetery, Ralph Giebelhaus, for the benefit of Giebelhaus Memorials, directed Crow, as a Wyuka employee, to install, apparently at a gravesite in the cemetery, a 1-ton monument which someone had purchased from Giebelhaus Memorials. In the course of that installation, the monument fell on Crow's foot, causing both foot and leg injuries. In his petition, Crow specified Giebelhauses' negligence; for example, failure to provide adequate equipment, instruction, and assistance to Crow for installation

of the monument.

## DISMISSAL OF CROW'S ACTION

When Giebelhauses demurred to Crow's petition "because it [did] not state facts sufficient to constitute a cause of action," the court sustained the Giebelhaus demurrer and thereupon dismissed the action without affording Crow an opportunity to amend his petition.

In an attempt to justify the district court's sustaining their demurrer, the Giebelhauses, in substance, contend that Crow cannot maintain a negligence action against them because Crow was an employee of Wyuka Cemetery when the accident and injuries occurred. However, Giebelhauses' position and contention are inconsistent with Nebraska's longstanding recognition of an employee's right to maintain a negligence action for common-law liability of third parties outside and notwithstanding the Nebraska Workers' Compensation Act. See, *Turner v. Metro Area Transit*, 220 Neb. 189, 368 N.W.2d 809 (1985); *Danner v. Walters*, 154 Neb. 506, 48 N.W.2d 635 (1951); *Thomas v. Otis Elevator Co.*, 103 Neb. 401, 172 N.W. 53 (1919); *Muncaster v. Graham Ice Cream Co.*, 103 Neb. 379, 172 N.W. 52 (1919). Cf. Neb. Rev. Stat. § 48-111 (Reissue 1988) (employer's general exemption from liability in an employee's action outside the Nebraska Workers' Compensation Act).

In Crow's appeal, however, the important feature of the district court's ruling is not the question of correctness in sustaining the Giebelhaus demurrer, but, rather, the manner in which the court disposed of the proceedings by dismissing Crow's action.

Neb. Rev. Stat. § 25-854 (Reissue 1989) states, "If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court in its discretion shall direct." Hence, if a demurrer to a petition is sustained and the defective pleading can be remedied by amendment, the plaintiff may amend, with or without assessment of costs, as the court in its discretion may direct. See *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990). When a demurrer to a petition is sustained, a court must grant a plaintiff leave to amend the petition unless it is clear that no reasonable

possibility exists that repleading will correct the defective petition. See, *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992); *Kane v. Vodicka*, 238 Neb. 436, 471 N.W.2d 136 (1991); *Schmuecker Bros. Implement v. Sobotka*, 217 Neb. 114, 348 N.W.2d 130 (1984); *Fowler v. Nat. Bank of Commerce*, 209 Neb. 861, 312 N.W.2d 269 (1981); *Newman Grove Creamery Co. v. Deaver*, 208 Neb. 178, 302 N.W.2d 697 (1981). After a demurrer has been sustained, but there is a reasonable possibility that a defective petition may be cured by amendment, denying the plaintiff the opportunity to replead is an abuse of discretion. See *Cagle, Inc. v. Sammons*, 198 Neb. 595, 254 N.W.2d 398 (1977).

In Crow's case, after the court sustained the Giebelhaus demurrer, the court immediately dismissed Crow's action without affording Crow the opportunity to amend his petition. Under the circumstances, and assuming that sustaining the demurrer was proper in the first instance, we are unable to conclude that Crow cannot allege a negligence cause of action against Giebelhauses if Crow has not already done so in his petition challenged by the Giebelhaus demurrer. In any event, the district court's dismissal of Crow's action without an opportunity to replead in an amended petition is an abuse of discretion by the trial court.

Accordingly, we reverse the judgment of the district court and remand this cause to the district court with direction to reinstate Crow's action for further proceedings.

REVERSED AND REMANDED WITH DIRECTION.

WHITE, J., not participating.