JAMES WICHMAN, APPELLANT, V. DEAN NAYLOR, APPELLEE.
487 N.W.2d 291

Filed August 14, 1992.    No. S-91-368.

James Wichman, pro se.

Don Stenberg, Attorney General, and Laurie Smith Camp for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

James Wichman, an inmate at the Nebraska Penal and Correctional Complex, commenced a civil rights action, see 42 U.S.C. § 1983 (1988) and Neb. Rev. Stat. § 20-148 (Reissue 1991), in the district court for Lancaster County regarding disciplinary action taken by Dean Naylor, director of security for the penal complex. Naylor demurred and claimed that Wichman's petition did not allege sufficient facts to state a cause of action. See Neb. Rev. Stat. § 25-806(6) (Reissue 1989) (insufficient factual allegations for a cause of action). The district court sustained Naylor's demurrer, but failed to allow Wichman an opportunity to amend his petition, and dismissed the action.

A court's dismissal of an action after a demurrer has been sustained to a petition and a plaintiff declines to replead is a final order. *Crow v. Giebelhaus, ante* p. 4, 486 N.W.2d 207 (1992); *Balfany v. Balfany*, 239 Neb. 391, 476 N.W.2d 681 (1991). See *Bert Cattle Co. v. Warren*, 238 Neb. 638, 471 N.W.2d 764 (1991).

## STANDARD OF REVIEW

"In reviewing an order sustaining a demurrer, an appellate court accepts the truth of facts well pled and the factual and legal inferences which may reasonably be deduced from such facts, but does not accept conclusions of the pleader." *Balfany v. Balfany*, 239 Neb. at 392, 476 N.W.2d at 683. Accord, *Crow v. Giebelhaus, supra*; *Weiner v. Hazer*, 230 Neb. 53, 430 N.W.2d 269 (1988).

"When ruling on a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions,

are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial."

*Security Inv. Co. v. State*, 231 Neb. 536, 538, 437 N.W.2d 439, 442 (1989) (quoting *Schuyler State Bank v. Cech*, 228 Neb. 588, 423 N.W.2d 464 (1988)). Accord, *Crow v. Giebelhaus, supra*; *Balfany v. Balfany, supra*.

"As used in § 25-806(6) concerning a demurrer, a statement of 'facts sufficient to constitute a cause of action' means 'a narrative of the events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff.' " *Schuyler State Bank v. Cech*, 228 Neb. at 593, 423 N.W.2d at 468. Accord, *Crow v. Giebelhaus, supra*; *Balfany v. Balfany, supra*.

## WICHMAN'S PETITION

In framing his petition, Wichman relied on 42 U.S.C. § 1983 and Neb. Rev. Stat. § 20-148. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

The U.S. Supreme Court has stated:

The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This second element requires that the plaintiff show that the defendant acted "under color of law."

*Adickes v. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L.

Ed. 2d 142 (1970).

Neb. Rev. Stat. § 20-148 states:

(1) Any person or company, as defined in section 49-801, except any political subdivision, who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.

(2) The remedies provided by this section shall be in addition to any other remedy provided by Chapter 20, article 1, and shall not be interpreted as denying any person the right of seeking other proper remedies provided thereunder.

According to the petition, Wichman, an inmate at the penal complex, removed several small blocks of wood from a trash bin located in the prison's hobby shop and carved the blocks into "symbols" which Wichman asserts were used in his religious practices. Neither Wichman's ethnic background nor his affiliation with a generally recognized religious organization or denomination appears in the record. Nevertheless, according to the petition in question, Wichman's religious beliefs include the persuasion that religious articles "possess a spirit" and that destruction of such articles is "tantamount to killing a being's spirit." Wichman asserts that he has a property interest in the wood carvings by virtue of the prison's abandonment of the wood scraps used for the carvings and Wichman's subsequent retrieval and exclusive possession of the scrap wood used for the carvings.

On December 12, 1990, Naylor ordered prison guards to confiscate and remove the carved wooden symbols from Wichman's cell. As a result of a disciplinary hearing convened after confiscation of Wichman's carvings and conducted pursuant to prison regulations, prison officials determined that the carvings were contraband within the meaning of 68 Neb. Admin. Code, ch. 5 § 005III[C] (1990), the Nebraska Department of Correctional Services' rule "Possessing or Receiving

Unauthorized Articles," because the items had not been issued to Wichman, purchased via proper channels, or otherwise specifically approved by prison officials and, thus, were unauthorized articles characterized as contraband.

After the disciplinary hearing, Naylor issued an order requiring that the wood carvings be destroyed as contraband after 90 days. Wichman requested that Naylor allow Wichman to send the carvings to a designated and acceptable person outside the prison and stated that destruction of the carvings would violate Wichman's religious beliefs. Naylor refused the request.

In his petition, Wichman asserts that there "is no justifiable penological reason or security interest in denying [Wichman] the right to send his personal religious articles to approved persons outside the prison" and contends that Naylor has "designedly, willfully and corruptly injured and harmed" Wichman, see Neb. Rev. Stat. § 28-926 (Reissue 1989) (misdemeanor offense: oppression under color of public office), by Naylor's refusal to send the religious articles to a person outside the prison and by Naylor's insistence that the articles be destroyed.

## DISMISSAL OF WICHMAN'S ACTION

When Naylor demurred to Wichman's petition, claiming that the petition did "not state facts sufficient to constitute a cause of action," the court sustained the demurrer and immediately dismissed Wichman's petition and action.

In an attempt to justify the district court's sustaining his demurrer, Naylor argues that Wichman's civil rights action is "blatantly frivolous." Brief for appellee at 3. However, Naylor's position and contention are inconsistent with the U.S. Supreme Court's longstanding recognition that only two factual allegations are necessary to state a cause of action under 42 U.S.C. § 1983: (1) a defendant's deprivation of a plaintiff's right secured by the Constitution and laws of the United States, and (2) the deprivation occurred "under color of law." See, *Hafer v. Melo*, _____ U.S. _____, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); *Adickes v. Kress & Co., supra*; *Cruz v. Beto*, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); *Cooper v.*

*Pate*, 378 U.S. 546, 84 S. Ct. 1733, 12 L. Ed. 2d 1030 (1964). Cf. Neb. Rev. Stat. § 20-148.

In Wichman's appeal, notwithstanding the parties' focus on a civil rights action, the important feature of the district court's ruling is not a question of correctness in the court's sustaining Naylor's demurrer, but, rather, the propriety of dismissing the proceedings without first allowing Wichman the opportunity to amend his petition.

Neb. Rev. Stat. § 25-854 (Reissue 1989) states: "If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court in its discretion shall direct."

> [I]f a demurrer to a petition is sustained and the defective pleading can be remedied by amendment, the plaintiff may amend, with or without assessment of costs, as the court in its discretion may direct. See *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990). When a demurrer to a petition is sustained, a court must grant a plaintiff leave to amend the petition unless it is clear that no reasonable possibility exists that repleading will correct the defective petition.

*Crow v. Giebelhaus, ante* p. 4, 7-8, 486 N.W.2d 207, 210 (1992). See, *Pappas v. Sommer*, 240 Neb. 609, 483 N.W.2d 146 (1992); *Kane v. Vodicka*, 238 Neb. 436, 471 N.W.2d 136 (1991); *Schmuecker Bros. Implement v. Sobotka*, 217 Neb. 114, 348 N.W.2d 130 (1984); *Fowler v. Nat. Bank of Commerce*, 209 Neb. 861, 312 N.W.2d 269 (1981); *Newman Grove Creamery Co. v. Deaver*, 208 Neb. 178, 302 N.W.2d 697 (1981). "After a demurrer has been sustained, but there is a reasonable possibility that a defective petition may be cured by amendment, denying the plaintiff the opportunity to replead is an abuse of discretion." *Crow v. Giebelhaus, ante* at 8, 486 N.W.2d at 210. Accord *Cagle, Inc. v. Sammons*, 198 Neb. 595, 254 N.W.2d 398 (1977).

> [A] judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters

submitted for disposition through a judicial system. *State v. Juhl,* 234 Neb. 33, 43, 449 N.W.2d 202, 209 (1989). Accord, *In re Interest of L.V.,* 240 Neb. 404, 482 N.W.2d 250 (1992); *Ensrud v. Ensrud,* 230 Neb. 720, 433 N.W.2d 192 (1988); *Younkin v. Younkin,* 221 Neb. 134, 375 N.W.2d 894 (1985).

Although Wichman does not assign as error the district court's failure to provide Wichman with an opportunity to amend his petition, we note the district court's omission as a matter of plain error. "Plain error may be found on appeal, when an error, unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would cause a miscarriage of justice or damage the integrity, reputation, and fairness of the judicial process." *In re Estate of Fischer,* 227 Neb. 722, 726, 419 N.W.2d 860, 862 (1988). Accord, *State v. Wilcox,* 239 Neb. 882, 479 N.W.2d 134 (1992); *State v. Moore,* 235 Neb. 955, 458 N.W.2d 232 (1990); *State v. Thomas,* 229 Neb. 635, 428 N.W.2d 221 (1988). See, also, Neb. Rev. Stat. § 25-1919 (Supp. 1991): "The . . . Supreme Court may at its option consider a plain error not specified in appellant's brief." See, further, Neb. Ct. R. of Prac. 9D(1)d (rev. 1991): "The court may, at its option, notice a plain error not assigned." Plain error may be asserted for the first time on appeal or be noted by an appellate court on its own motion. *Katskee v. Nevada Bob's Golf of Neb.,* 238 Neb. 654, 472 N.W.2d 372 (1991).

In Wichman's case, after the court sustained Naylor's demurrer, the court immediately dismissed Wichman's action without affording Wichman the opportunity to replead by amending his petition. Under the circumstances, and assuming that sustaining the demurrer was proper in the first instance, we are unable to conclude that Wichman cannot allege a civil rights cause of action against Naylor. Therefore, the district court's dismissal of Wichman's action without allowing an opportunity for an amended petition was an abuse of discretion by the trial court.

Accordingly, we reverse the judgment of the district court and remand this cause to the district court with direction to reinstate Wichman's action for further proceedings.

REVERSED AND REMANDED WITH DIRECTION.