AMERICAN FAMILY LIFE
INSURANCE COMPANY,
Plaintiff,

v.

Sheri K. NORUK, Appellant,

Linda L. Noruk, Respondent.

No. C6–94–1972.

Court of Appeals of Minnesota.

March 7, 1995.

Review Denied April 27, 1995.

Gerald J. Brown, Brown Andrew Hallenbeck Signorelli & Zallar, P.A., Duluth, for appellant.

Robert H. Magie, III, Crassweller, Magie, Andresen, Haag & Paciotti, Duluth, for respondent.

Considered and decided by LANSING, P.J., and KALITOWSKI and FOLEY,* JJ.

## OPINION

DANIEL F. FOLEY, Judge.

American Family Life Insurance Company (insurer) brought a declaratory action to determine the beneficiary of life insurance proceeds of its insured, John Noruk (decedent), after appellant (Hoff), the insured's wife, and respondent (Noruk), the insured's sister, both claimed the proceeds. Prior to his death, decedent had changed the beneficiary

designations to name Noruk his beneficiary, but did so in violation of a summons and temporary order issued in dissolution proceedings. The trial court awarded Noruk the proceeds, based on equitable principles, and Hoff appeals the trial court's legal conclusion that violation of the temporary order did not invalidate the change in beneficiary designation as a matter of law. We affirm.

## FACTS

At his death, decedent John Noruk owned two life insurance policies. He purchased the first in 1986 and named his sister, respondent Linda Noruk, and his mother as beneficiaries. He purchased the second in 1989, naming his son beneficiary.

Appellant, Sheri Noruk (now Sheri Hoff), and decedent met and began living together in 1987. They married in June 1990, when she was 22 and he was 43. In November 1990, decedent changed both of his life insurance policies to designate Hoff as his beneficiary. Hoff acquired a life insurance policy and named decedent as beneficiary; she did not change this designation until after he died.

During their relationship, decedent and Hoff lived lavishly. A large personal injury settlement Hoff had received was largely dissipated by their expensive lifestyle. Both had their own businesses, but the businesses were not particularly successful. The trial court characterized their marriage as happy until 1992, when Hoff began divorce proceedings in May 1992 due at least partially to decedent's alcoholism.

Decedent was served with a summons that included the following language required by Minn.Stat. § 518.091 (Supp.1991): "All currently available insurance coverage must be maintained and continued without change in coverage or beneficiary designation." On June 15, 1992, the district court issued a temporary order that also enjoined decedent and Hoff from canceling or changing any insurance policies without prior approval of the court or written consent from the other.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

Both parties agreed to this provision. Hoff was awarded temporary spousal maintenance of $2,500 per month.

Decedent was hospitalized on September 10. On September 11, while hospitalized, he signed forms changing the beneficiary designation for both life insurance policies from Hoff to Noruk, with whom he had a close relationship. He did so without the dissolution court's approval or Hoff's consent, and with Noruk's assistance. The trial court found, however, no evidence showing Noruk unduly influenced or coerced decedent into making these changes.

Decedent died on September 24, 1992. Hoff remarried in February 1993 and shortly thereafter filed to dismiss the dissolution proceedings. Both Hoff and Noruk made claims on decedent's life insurance policies, and the insurer sought a declaratory judgment to determine the proper ownership of the funds. The trial court determined the amount owed on the policies ($109,897.85), and the insurer paid the funds into the court and was released from the action.

After determining it was unlikely that Hoff would have received a substantial permanent maintenance award in the dissolution proceedings, the trial court concluded that it should not impose a constructive trust on the proceeds for Hoff's benefit based on the dissolution court's temporary order. Because the equities did not strongly favor either party, it decided the appropriate resolution was to follow decedent's wishes that the proceeds go to Noruk. Hoff appeals the trial court's legal conclusion, arguing that the changes in beneficiary designation should be deemed invalid because accomplished in violation of the summons and temporary court order.

## ISSUE

Did the trial court err in holding that a change in beneficiary designation, executed in violation of a dissolution court's temporary order, is not void and ineffective as a matter of law?

## ANALYSIS

■ We note at the outset that Hoff states in her brief that she accepts as supported by the record the trial court's findings of fact. Her sole focus on appeal is the trial court's legal ruling on the issue of whether decedent's change in beneficiary designation should be deemed void as a matter of law because executed in violation of a temporary court order. This is a case of first impression in Minnesota. Because it involves a question of law, this court is not bound by or required to defer to the trial court's decision. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ Hoff claims the trial court erred when it found decedent's change in beneficiary designation, completed while he was under a temporary order prohibiting from making the change, was not ineffective as a matter of law. We agree that the purpose of the mandatory summons language and temporary orders prohibiting changes in beneficiary designations is to maintain the status quo pending the final outcome of a dissolution proceeding. *Balfany v. Balfany,* 239 Neb. 391, 476 N.W.2d 681, 685 (1991). Courts issuing such orders legitimately expect the parties to comply, and can impose sanctions for violations. *See* Minn.Stat. §§ 518.091 (provision in mandatory language indicating violators would be subject to sanctions); 518.131, subd. 10 (1990) (violation of temporary order is a misdemeanor punishable by contempt). When one of the parties dies, however, a temporary restraining order has no effect and the court's jurisdiction to enforce it ends. *Brown v. Agin,* 260 Minn. 104, 114, 109 N.W.2d 147, 153 (1961).

■ Hoff contends that the only appropriate remedy for such cases is to establish a bright-line rule under which a decedent's change of beneficiary made in violation of a temporary court order would be void as a matter of law. We disagree; like other courts that have been presented with this issue, we believe equitable principles, rather than a per se rule, should govern. *See Wilharms v. Wilharms,* 93 Wis.2d 671, 287 N.W.2d 779, 783–84 (1980) (violation of a temporary order restraining dispositions of

property is insufficient alone to justify the imposition of a constructive trust); *Balfany*, 476 N.W.2d at 686 (adopting *Wilharms* to find violation of temporary restraining order alone is insufficient to support constructive trust over property subject to the order).[1] We note that the Minnesota Supreme Court rejected in *Brown* an argument similar to that Hoff makes; the court upheld changes in insurance beneficiary designations made via a will, despite a temporary restraining order that prohibited the decedent from disposing of his property due to a pending dissolution action. 260 Minn. at 114, 109 N.W.2d at 153. Similarly, in *Head v. Metropolitan Life Ins.*, 449 N.W.2d 449, 445 (Minn. App.1989), *pet. for rev. denied* (Minn. Feb. 21, 1990), a case dealing with an unauthorized change in beneficiary after a final decree was issued, this court affirmed a constructive trust imposed for the benefit of the former wife. We relied on equitable principles to resolve the issue of the decedent's decree violation, finding the final decree gave former wife a superior equitable interest in decedent's life insurance proceeds. *Id.*

■ We therefore hold that when a life insurance policy's designated beneficiary is changed in violation of a dissolution court's temporary order, and the death of one of the parties intercedes before a final judgment is rendered, equitable considerations control in determining the ownership of policy proceeds. Where the equities favor the estranged spouse, a constructive trust should be imposed to divert the insurance proceeds from the designated beneficiary to the spouse. *See id.* (imposing constructive trust to redirect insurance proceeds to former wife with superior equitable interest). The decedent's wrongful act should be considered in determining the relative equities of the proceed claimants. *See Wilharms*, 287 N.W.2d

at 784. Other factors, such as the wrongfulness of third parties' conduct, distribution of the marital estate after the insured's death, marital debts for which surviving spouse remained liable, and likelihood spousal maintenance would have been awarded to the surviving spouse, should also be considered. *Id.*

In arguing for a bright-line rule, Hoff emphasizes the legislature's intent in drafting Minn.Stat. § 518.091 was to prevent the parties from upsetting the status quo prior to the entry of a final decree. Our approach is consistent with this intent. Where the estranged spouse would have been entitled to the insurance proceeds under a final decree, a constructive trust will restore the status quo. On the other hand, our holding precludes a spouse from automatically receiving insurance proceeds which he or she would not have received had the decedent survived until a final decree was issued. *See Brown,* 260 Minn. at 114, 109 N.W.2d at 153 (temporary order did not finally resolve title to insurance policies). The rule Hoff proposes would essentially permit a temporary order to make a final property distribution, even though it was never intended to do so. *See id.* (quoting *Milewski v. Milewski,* 351 Ill. App. 158, 114 N.E.2d 419, 421 (1953)).

Our decision will not encourage wholesale disobedience of temporary court orders, despite Hoff's concerns. First, we note that this issue arises only in limited circumstances: when the insured who wrongfully changes his beneficiary dies between the issuance of the restraining order and a final resolution in the dissolution action. Otherwise, the dissolution court retains its authority to sanction violations. Furthermore, as noted above, if a party can establish an equitable claim to the insurance proceeds, a constructive trust will "undo" the insured decedent's act. *See Prince v. Byrant,* 87 Wis.2d

---

1. For other cases applying an equitable remedy in similar situations, see *Candler v. Donaldson,* 272 F.2d 374, 377 (6th Cir.1959) (equities favored wife where temporary court order was violated and new donee beneficiary had no equities in her favor); *Willoughby v. Willoughby,* 758 F.Supp. 646, 650 (D.Kan.1990) (equities favored wife where parties had been married 17 years, husband changed beneficiaries in violation of court order, policy was acquired during marriage, and donee beneficiary had no offsetting

equities); *Fitzgerald v. Travelers Ins. Co.,* 567 N.E.2d 159, 163 (Ind.Ct.App.1991), *reh'g denied* (provisional order did not create an enforceable equitable interest in spouse); *Standard Ins. Co. v. Schwalbe,* 110 Wash.2d 520, 755 P.2d 802, 805 (1988) (en banc) (minor children had vested equitable interest in policy proceeds that precluded insured's right to change policy; stated purpose of injunction was to provide security for child support pending final decree).

662, 275 N.W.2d 676, 682 (1979) (concluding that its rejection of a per se rule does not detract from the authority of temporary restraining orders).

■ Hoff also argues that the equities favor her over Noruk. Without a transcript, this court is not in a position to impose a constructive trust over the insurance proceeds in Hoff's favor. We are limited to determining whether the trial court's findings of fact support its conclusions of law. *Duluth Herald & News Trib. v. Plymouth Optical Co.*, 286 Minn. 495, 498, 176 N.W.2d 552, 555 (1970). We believe they do.

■ The trial court found no evidence showing decedent was not competent when he executed the beneficiary designation change, or that Noruk engaged in fraud, coercion or undue influence in connection with the change in beneficiary designation. It also found decedent had a close relationship with Noruk, who was poor and receiving welfare benefits. There was no evidence that the policies, purchased prior to marriage, were maintained pursuant to an agreement or contract between decedent and Hoff. Moreover, the trial court found the temporary restraining order was entered as a matter of form, not with the intent to provide security for Hoff's maintenance payments, and it was unlikely Hoff would have received a substantial permanent spousal maintenance award. These findings support the trial court's conclusion that the equities did not weigh heavily in either party's favor, and that it was therefore appropriate to follow decedent's wishes and award the funds to Noruk.

## DECISION

The trial court correctly concluded that equitable principles control in determining who is entitled to life insurance proceeds when a decedent violates a temporary restraining order issued in a dissolution proceeding by changing an insurance beneficiary designation prior to his or her death. Because we find absent from this case a compelling reason for imposing a constructive trust or granting other equitable relief, and in view of Hoff's focus on appeal on the legal effect of the temporary restraining order, we affirm.

**Affirmed.**