**In re the Marriage of Scot L. BEIER, petitioner, Appellant,**

v.

**Sandra Jean BEIER, Respondent.**

**No. C5–85–482.**

Court of Appeals of Minnesota.

July 9, 1985.

**54**

Mary G. Dobbins, Minneapolis, for appellant.

Paul D. Baertschi, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Scot Beier appeals the trial court's determination that Minnesota does not have jurisdiction to decide whether to modify a custody order which provides for care of a seven year old child by his mother. We reverse and remand.

## FACTS

Jeremy Scot Beier, the only child of the parties, was born in 1977. The family lived in Minnesota until 1981, when appellant was stationed in Texas with the United States Army. Respondent and Jeremy joined him there. During 1983, appellant was stationed in Germany, and respondent and Jeremy remained in Texas. The parties' marriage was dissolved in December 1983, in Texas. Sandra Beier was awarded custody of Jeremy.

After his military discharge in May 1984, appellant moved back to Minnesota, obtained employment, and purchased a house. Respondent stayed in Texas. Jeremy came to Minnesota in June 1984, for summer visitation with his father. Respondent visited Minnesota from August 17 to 24, 1984. Appellant contends that after the parents discussed the matter at length, Sandra Beier enrolled Jeremy in school. He says she indicated it was her intent that the child remain in Minnesota. Respondent contended that Jeremy was allowed to stay after summer visitation upon false representations by appellant about reconciliation; appellant denies that these representations were made. On October 9, appellant and Jeremy were having dinner with appellant's parents. Respondent and her parents entered the home and removed Jeremy, after a "verbal altercation." Since October 1984, respondent and Jeremy have resided in Illinois with her parents.

On October 30, 1984, appellant moved for modification of the custody decree, to provide that he have custody of Jeremy. Respondent challenged the merits of the proposal, and moved to dismiss the motion for lack of jurisdiction. Respondent asked, alternatively, that the Minnesota court decline to assume jurisdiction, on the grounds that the State of Illinois, where Jeremy is residing with respondent, is a more appropriate forum to adjudicate any custody issues. The trial court concluded that it did not have jurisdiction to hear the matter. Scot Beier appealed.

## ISSUE

Whether Minnesota has jurisdiction under the Uniform Child Custody Jurisdiction

Act, Minn.Stat. § 518A.03 (1984), to hear appellant's motion for change of custody.

## ANALYSIS

■ The purpose of the UCCJA is to minimize hardships on children by reducing opportunities for interjurisdictional controversies over child custody. *In re Welfare of Mullins*, 298 N.W.2d 56, 59 (Minn.1980). The Act is also designed to harmonize judicial actions of enacting states. *See* Minn. Stat. § 518A.01 (1984).

The UCCJA prohibits a Minnesota court of this state from modifying the custody decree of another state unless:

(1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 518A.01 to 518A.25 * * * and (2) the court of this state has jurisdiction.

Minn.Stat. § 518A.14, subd. 1 (1984).

■ Had Sandra Beier still resided in Texas in October 1984, Texas would have had primary jurisdiction to hear the custody matter. However, none of the parties resided in Texas at that time. The mother moved to Illinois, apparently in early October. While appellant contends that respondent plans to stay there only a few months, respondent asserts that she intends to remain there. The father resides in Minnesota. Where, as here, the parties to the decree move out of the state, "their nexus with that court attenuates." *Mullins*, 298 N.W.2d at 59. The State of Texas has lost jurisdiction in the case. Minn.Stat. § 518A.14, subd. 1(1).

It must next be decided whether Minnesota has jurisdiction. Minn.Stat. § 518A.14, subd. 1(2).

Minn.Stat. § 518A.03, subd. 1 (1984) provides the circumstances under which the courts of this state have jurisdiction over a child custody matter:

(a) this state (1) is the home state of the child at the time of commencement of the proceeding, or (2) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(b) it is in the best interest of the child that a court of this state assume jurisdiction because (1) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (2) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(c) the child is physically present in this state and (1) the child has been abandoned or (2) it is necessary·in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(d)(1) it appears that no court in another state would have jurisdiction under prerequisites substantially in accordance with clauses (a), (b), or (c), or a court of another state has declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child, and (2) it is in the best interest of the child that a court of this state assume jurisdiction.

■ "Home state" jurisdiction is not available in Minnesota or in Illinois. Minn. Stat. § 518A.03, subd. 1(a). The "home state" of a child is that state in which the child lived with his parent for at least six months preceding the commencement of the proceeding. Minn.Stat. § 518A.02(e) (1984). Respondent and Jeremy resided in Illinois for only two months at the time the Minnesota trial court heard motions. Prior to that, Jeremy had visited in Minnesota for less than six months. In December 1984, Jeremy did not have a home state under the statute. *In re Marriage of Hubbard*, 315 N.W.2d 75, 79 (Iowa 1982).

■ There is also no emergency jurisdiction under Minn.Stat. § 518A.03, subd. 1(c). There are no allegations of an emergency.

Moreover, that provision applies only where the child is physically present in the state.

Appellant contends that the parties have significant connections with Minnesota, and that substantial evidence is available here concerning protection, training and relationships of the child. Minn.Stat. § 518A.03, subd. 1(b). The family lived in Minnesota the first four years of Jeremy's life, he attended school here briefly, and he has an extended family here.

 We conclude that the trial court erred in deciding that Minnesota did not have jurisdiction. There were sufficient contacts in Minnesota to establish jurisdiction under section 518A.03, subd. 1(b). *See Reeve v. Reeve*, 391 So.2d 789 (Fla.App. 1980). Having in mind these contacts, and the advantages for an expeditious decision on the merits of appellant's motion, completion of the proceeding in Minnesota would sufficiently serve the "child's best interests" to meet the jurisdictional standard of subdivision 1(b).

Because we conclude jurisdiction exists under subdivision 1(b), we need not determine whether subdivision 1(d) has any application without the presence of the child and without the decision of another court to decline to act.

At this stage of these proceedings, we are not permitted to demand that the Minnesota trial court act in the case. It is for the trial court to determine whether it should exercise its jurisdiction, or whether another forum would be more convenient. *Johnson v. District Court In and For Jefferson County*, 654 P.2d 827 (Colo.1982). Minn.Stat. § 518A.07, subd. 1 (1984) provides:

> A court which has jurisdiction under sections 518A.01 to 518A.25 to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

We are also cognizant of the inescapable reality of changed circumstances since this case came before the trial court in December 1984.

In the event the trial court determines that Illinois would be a more appropriate forum, it is the posture of our courts to presume that the Illinois court would consider all relevant evidence relating to the custody dispute. *Landa v. Norris*, 313 N.W.2d 423, 425 (Minn.1981).

### DECISION

Minnesota had sufficient contacts to establish jurisdiction over this custody matter. A contrary decision of the trial court is reversed. The case is remanded for adjudication of facts. However, the trial court has authority to determine the convenient forum for future proceedings.

Reversed and remanded.