**In re Hans BERGH, Petitioner, Respondent,**

**v.**

**Jill BERGH, Appellant.**

**No. C2–85–2268.**

Court of Appeals of Minnesota.

May 20, 1986.

Kevin F. Mark, Holst, Vogel, Erdmann & Vogel, Red Wing, for respondent.

Robert J. Lawton, Lawton Law Offices, St. Paul, for appellant.

Considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Jill Bergh appeals from a Goodhue County Court order which assumed jurisdiction to modify a North Dakota custody decree. Appellant contends that Minnesota does not have jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), Minn.Stat. ch. 518A (1984). We affirm.

## FACTS

The parties were married in 1983. On September 6, 1985 a North Dakota court dissolved their marriage. The dissolution decree, apparently the result of negotiations between the parties, established joint legal custody, granted physical custody of the parties' minor child to respondent Hans Bergh, and granted extensive visitation rights to appellant.

Respondent and the minor child moved to Kenyon, Minnesota (in Goodhue County) on the day the decree was filed. Respondent considers Kenyon his permanent residence. Appellant also moved to Minnesota after the dissolution and now lives in Inver Grove Heights (in Dakota County).

On October 22, 1985, respondent brought a motion in Goodhue County Court to modify the custody provisions of the North Dakota decree. On October 25, 1985, appellant brought a motion in Dakota County Court for an order granting custody to her and directing respondent to pay child support.

At the hearing on respondent's motion, appellant's counsel appeared specially to contest jurisdiction and venue. The trial court found that both parties had changed their permanent residence from North Dakota to Minnesota. Based on this finding, the court concluded it had "jurisdiction over the parties' minor child, and Goodhue County is the proper venue for proceedings."

## ISSUE

Did the trial court err in assuming jurisdiction to modify a North Dakota custody decree?

## ANALYSIS

Both Minnesota and North Dakota have adopted identical provisions of the Uniform Child Custody Jurisdiction Act (UCCJA). *See* Minn.Stat. ch. 518A; N.D.Cent. Code ch. 14–14 (1981). Minn.Stat. § 518A.14, subd. 1 (1984) governs modification by a Minnesota court of a custody decree issued by another state:

If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 518A.01 to 518A.25 or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction.

The "jurisdictional prerequisites" referred to in this statute are set forth in Minn.Stat. § 518A.03, subd. 1 (1984):

A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(a) this state (1) is the home state of the child at the time of commencement of the proceeding, or (2) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(b) it is in the best interest of the child that a court of this state assume jurisdiction because (1) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (2) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(c) the child is physically present in this state and (1) the child has been abandoned or (2) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mis-

treatment or abuse or is otherwise neglected or dependent; or

(d)(1) it appears that no court in another state would have jurisdiction under prerequisites substantially in accordance with clauses (a), (b), or (c), or a court of another state has declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child, and (2) it is in the best interest of the child that a court of this state assume jurisdiction.

The equivalent North Dakota jurisdictional prerequisites are set forth in N.D.Cent. Code § 14–14–03(1) (1981).

Under the UCCJA, we must first determine whether a North Dakota court would have jurisdiction under any of the provisions of section 518A.03 (or North Dakota section 14–14–03). *See* Minn.Stat. § 518A.14, subd. 1(1). We conclude that it would not.

"Home state" jurisdiction is not available in North Dakota, under North Dakota section 14–14–03(1)(a), because the minor child was not residing in North Dakota at the time of the commencement of these proceedings (subsection (1)(a)(1)), nor was either parent still a resident of North Dakota when this proceeding was commenced (subsection (1)(a)(2)). Both parents and the minor child had resided in Minnesota for two months when the trial court issued its order.

Appellant contends North Dakota would have jurisdiction under subsection (1)(b) of the North Dakota statute because the minor child was born in North Dakota and resided there with her parents until September 6, 1985. Appellant argues that all evidence relating to the minor child's "care, protection, training and personal relationships would be in North Dakota." We cannot agree.

■ Where parties no longer have a "significant connection" with a state, that state can lose jurisdiction over a motion to modify custody. *Beier v. Beier*, 371 N.W.2d 52 (Minn.Ct.App.1985). In *Beier*, a

marriage was dissolved in Texas; the father moved to Minnesota and the mother and child moved to Illinois. In applying Minn.Stat. § 518A.14, subd. 1(1), this court stated:

> Had Sandra Beier still resided in Texas in October 1984, Texas would have had primary jurisdiction to hear the custody matter. However, none of the parties resided in Texas at that time. * * * Where, as here, the parties to the decree move out of the state, "their nexus with that court attenuates." * * * Texas has lost jurisdiction in the case.

*Id.* at 55 (quoting *In re Welfare of Mullins*, 298 N.W.2d 56, 59 (Minn.1980)).

■ There is no evidence that these parties have any current relationship with North Dakota. Where a child was born does not determine jurisdiction under the UCCJA. The jurisdictional prerequisite of a "significant connection" is lacking. *See* N.D.Cent. Code § 14–14–03(1)(b)(1). Neither is it apparent that there is any "substantial evidence" available in North Dakota. *See id.* § 14–14–03(1)(b)(2). The testimony of the parents is probably the best evidence of the child's development.[1] Appellant has not specified what other evidence is available in North Dakota that would not also be available to a Minnesota court. Thus, North Dakota could not assume jurisdiction under N.D.Cent. Code § 14–14–03(1)(b).

■ Because the child is not physically present in North Dakota and there are no allegations of abandonment or an emergency, that state could not assume jurisdiction under N.D.Cent. Code § 14–14–03(1)(c). Finally, for a North Dakota court to assume jurisdiction under N.D.Cent. Code § 14–14–03(1)(d), it would have to determine that Minnesota would not have jurisdiction. We now address that issue.

Home state jurisdiction under Minn.Stat. § 518A.03, subd. 1(a) is not available because the child did not live in Minnesota for six months preceding the hearing on re-

spondent's motion. *See* Minn.Stat. § 518A.02(e) (1984). Nor does Minn.Stat. § 518A.03, subd. 1(c) apply. However, we believe that jurisdiction lies in Minnesota under either Minn.Stat. § 518A.03, subd. 1(b) or (d).

■ Here the trial court found that both parents and their child are permanent residents of Minnesota. Residency is most certainly a "significant connection." *See* Minn.Stat. § 518A.03, subd. 1(b)(1). The parties can offer substantial evidence of the child's "present or future care, protection, training, and personal relationships." *See id.* subd. 1(b)(2). We have already determined that North Dakota would not have jurisdiction under N.D.Cent. Code § 14–14–03(1)(a), (b), or (c). *See* Minn.Stat. § 518A.03, subd. 1(d)(1). We therefore conclude that it is in the best interest of the child that a Minnesota court assume jurisdiction of this matter. *See id.* subd. 1(b), (d)(2).

## DECISION

The trial court did not err under the UCCJA in assuming jurisdiction over respondent's motion to modify a North Dakota custody decree.

Affirmed.

---

1. We note also that appellant herself sought relief in the Minnesota courts through her Dakota County petition.