STATE OF MINNESOTA

IN SUPREME COURT

A14-0200

Court of Appeals                                                          Gildea, C.J.

Kimberlee Ann Nelson,

                        Appellant,

vs.                                                                 Filed:  July 15, 2015
                                                                    Office of Appellate Courts
Lynette Nelson, et al.,

                        Respondents.

_____

Denise A. Sollund, Brink, Sobolik, Severson, Malm & Albrecht, P.A., Hallock, Minnesota, for appellant.

Ronald I. Galstad, Annie E. Jensen, Galstad, Jensen & McCann, P.A., East Grand Forks, Minnesota, for respondents.

_____

S Y L L A B U S

Minnesota Statutes § 518.58, subd. 1a (2014), does not apply outside of a current dissolution proceeding.  Because appellant's dissolution proceeding had been dismissed and therefore was not a "current dissolution" proceeding, Minn. Stat. § 518.58, subd. 1a, does not provide a remedy to appellant.

Affirmed.

1

# OPINION

GILDEA, Chief Justice.

The question presented in this case is whether appellant Kimberlee Nelson ("Kimberlee") is entitled to the proceeds of a term life insurance policy on her husband under Minn. Stat. § 518.58, subd. 1a (2014). Prior to his death and after consulting a lawyer about divorcing Kimberlee, Kimberlee's husband, Michael Nelson ("Michael"), changed the beneficiary on the policy from Kimberlee to respondents, Michael's parents and sister ("the beneficiaries").

Kimberlee filed a lawsuit against the beneficiaries of her husband's policy. Kimberlee contends that Michael's transfer violated Minn. Stat. § 518.58, subd. 1a, which prohibits the transfer of "marital assets" during a marriage dissolution or "in contemplation of commencing" a marriage dissolution. The district court granted summary judgment to respondents, concluding that a term life insurance policy is not a "marital asset" under the statute. The court of appeals affirmed on different grounds, holding that Minn. Stat. § 518.58, subd. 1a, does not apply to Kimberlee's claim because her dissolution proceeding abated upon Michael's death, and the statute applies only in current dissolution proceedings. *Nelson v. Nelson*, No. A14-0200, 2014 WL 4957735, at *2 (Minn. App. Oct. 6, 2014). Because the language of Minn. Stat. § 518.58, subd. 1a, limits the statute's application to pending dissolution proceedings and the district court dismissed Kimberlee's dissolution proceeding before Kimberlee brought this action, we affirm.

Kimberlee and Michael married in 1996. In 2007 Michael purchased a term life insurance policy from Thrivent Financial providing for a death benefit of $1 million. Michael named Kimberlee as the beneficiary at that time. Michael's business, Nelson Services, paid the premiums on the policy.

On February 22, 2012, Kimberlee and Michael spoke with an attorney about drafting a joint petition and stipulation to dissolve their marriage. Then, on April 2, 2012, Michael changed the beneficiary designation on his term life insurance policy from Kimberlee to the beneficiaries.

Kimberlee's attorney mailed a summons and petition for dissolution of marriage to Michael on May 29, 2012. Michael died on September 12, 2012. The marriage had not been dissolved when Michael died. Following Michael's death, the district court dismissed the dissolution proceeding without objection.

After Michael died and the district court dismissed the dissolution proceeding, Kimberlee filed this case against the beneficiaries, claiming that she is entitled to the proceeds from Michael's life insurance policy. Kimberlee and the beneficiaries brought cross-motions for summary judgment, each claiming they were entitled to judgment under Minn. Stat. § 518.58, subd. 1a. The district court granted the beneficiaries' motion for summary judgment, concluding that term life insurance is not a "marital asset" under Minn. Stat. § 518.58, subd. 1a, because "it is only an expectancy interest with no cash value." The court of appeals affirmed on different grounds, holding that Minn. Stat. § 518.58, subd. 1a, requires a "current dissolution" and that because Kimberlee is not

involved in a current dissolution proceeding, the statute does not apply. *Nelson*, 2014 WL 4957735, at *2. We granted Kimberlee's petition for review.

This case requires us to interpret Minn. Stat. § 518.58, subd. 1a. The statute provides, in relevant part:

> If the court finds that a party to a marriage . . . has in contemplation of commencing, or during the pendency of, the current dissolution . . . proceeding, transferred . . . marital assets except in the usual course of business or for the necessities of life, the court shall compensate the other party by placing both parties in the same position that they would have been in had the transfer . . . not occurred. . . . In compensating a party under this section, the court, in dividing the marital property, may impute the entire value of an asset and a fair return on the asset to the party who transferred . . . it.

Minn. Stat. § 518.58, subd. 1a.

The interpretation of a statute is a matter we review de novo. *Christianson v. Henke*, 831 N.W.2d 532, 535 (Minn. 2013). If the plain language of a statute "is clear and free from ambiguity, the court's role is to enforce the language of the statute and not explore the spirit or purpose of the law." *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 836 (Minn. 2012).

Kimberlee acknowledges that she is not party to a current dissolution proceeding.[1] But Kimberlee argues that the district court has jurisdiction to enforce the prohibition in Minn. Stat. § 518.58, subd. 1a, outside of a dissolution proceeding. We disagree.

---

[1] The court of appeals held that Kimberlee and Michael's "dissolution proceeding ended upon [Michael's] death." *Nelson*, 2014 WL 4957735, at *2. Because the district court dismissed Kimberlee and Michael's dissolution proceeding and the parties agree that this action is outside the context of a pending dissolution proceeding, we do not

(Footnote continued on next page.)

4

Two aspects of Minn. Stat. § 518.58, subd. 1a, make clear that the dissolution proceedings must be pending before the court has the authority to order relief under the statute. First, the statute states that the court shall compensate a party if it finds "that a party to a marriage . . . has in contemplation of commencing, or during the pendency of, *the current dissolution* . . . proceeding" transferred marital assets. *Id.* (emphasis added). This sentence makes clear that the statute operates in the context of a dissolution proceeding that is "current." The transfer at issue may have occurred before the dissolution proceeding began, but the reference to the dissolution being "current" constrains the court's authority to take action under the statute only within a pending dissolution action.

Second, the statute notes that "[i]n compensating a party under this section, the court, *in dividing the marital property*, may impute" the value of the transferred asset to the party who violated the provision. *Id.* (emphasis added). The court's authority to divide marital property is tied to the existence of a pending dissolution case. *See* Minn. Stat. § 518.58. subd. 1 (2014) ("Upon a dissolution of a marriage . . . the court shall make a just and equitable division of the marital property . . . .").[2]

_____

(Footnote continued from previous page.)
reach the question of whether a dissolution automatically abates upon the death of a party to the marriage.

[2] The statute also provides authority for the court to make a division "in a proceeding for disposition of property following a dissolution of marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property and which has since acquired jurisdiction," but those provisions are not relevant here. Minn. Stat. § 518.58, subd. 1.

The plain language of Minn. Stat. § 518.58, subd. 1a, with its requirement of a "current dissolution" and the remedy of dividing marital property, limits its application to marital dissolution proceedings that are pending when the relief is sought. In this case, there was no "current" dissolution proceeding and so Minn. Stat. § 518.58, subd. 1a, simply does not apply.

Kimberlee cites multiple cases to argue that this conclusion "conflict[s] with established case law." But the cases Kimberlee cites are distinguishable. The courts in those cases had issued temporary orders preventing transfers of assets during the pendency of the dissolution proceedings. And the question presented was whether these courts, as a matter of equity, could undo changes in beneficiary designations that allegedly violated the temporary orders. *See, e.g.*, *Am. Family Life Ins. Co. v. Noruk*, 528 N.W.2d 921, 922-23 (Minn. App. 1995); *Balfany v. Balfany*, 476 N.W.2d 681, 685 (Neb. 1991); *Standard Ins. Co. v. Schwalbe*, 755 P.2d 802, 805 (Wash. 1988). In answering that question, the courts looked to their authority to enforce court orders. *See Noruk*, 528 N.W.2d at 924 ("We therefore hold that when a life insurance policy's designated beneficiary is changed *in violation of a dissolution court's temporary order*, and the death of one of the parties intercedes before a final judgment is rendered, equitable considerations control in determining the ownership of policy proceeds." (emphasis added)); *Balfany*, 476 N.W.2d at 686 (considering whether "violation of a restraining order, standing alone, is []sufficient for imposition of a constructive trust on property which is subject to the restraining order"); *Schwalbe*, 755 P.2d at 805

6

(identifying the issue as "[w]hether a trial court has the power to order a return to the status quo to remedy the deliberate violation *of a valid court order*" (emphasis added)).

In contrast to the cases Kimberlee cites, Michael was not subject to an order restraining his ability to transfer assets when he changed the beneficiary on his life insurance policy. The district court's authority to enforce its own orders therefore is not at issue in this case. Indeed, in moving for summary judgment, Kimberlee did not rely on the district court's powers to enforce its own orders. Kimberlee instead relied on Minn. Stat. § 518.58, subd. 1a. That statute, however, applies only in "current dissolution . . . proceeding[s]." Because Kimberlee is no longer a party to a marital dissolution proceeding, we hold that Minn. Stat. § 518.58, subd. 1a, does not provide her a remedy in this case.[3]

Affirmed.

---

[3] Our holding in this case is without prejudice to Kimberlee's right under the probate code to an elective share of Michael's augmented estate pursuant to Minn. Stat. § 524.2-205(1)(iii) (2014). In addition, because we conclude that Minn. Stat. § 518.58, subd. 1a, does not apply in this case, we do not reach the question of whether a term life insurance policy is a marital asset under the statute. Finally, to the extent that Kimberlee makes an alternative argument that even if Minn. Stat. § 518.58, subd. 1a, did not apply, she was entitled to a constructive trust based on something other than the court's authority to enforce its own orders, we do not consider this issue, because the district court did not reach it and Kimberlee did not raise the issue in her petition for review. *See In re GlaxoSmithKline PLC*, 699 N.W.2d 749, 757 (Minn. 2005) ("Generally, we do not address issues that were not raised in a petition for review.").