In re the Marriage of: Dmitri M. MEDVEDOVSKI, petitioner, Appellant,

v.

Nadezhda Ivanovna MEDVEDOVSKI, Respondent.

A17-0915

Court of Appeals of Minnesota.

Filed November 6, 2017

Dmitri M. Medvedovski, St. Paul, Minnesota (pro se appellant)

John DeWalt, DeWalt, Chawla + Saksena, LLC, Minneapolis, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Ross, Judge; and Schellhas, Judge.

## OPINION

SCHELLHAS, Judge

Appellant-father challenges the district court's denial of his custody-modification motion, arguing that the court abused its discretion by ruling on his motion without an evidentiary hearing. Because father's motion is procedurally barred under Minn. Stat. § 518.18(b) (2016), we affirm.

## FACTS

Appellant Dmitri Medvedovski (father) appeals from a May 15, 2017 order in which the district court noted that "[t]his case has been the subject of much litigation since its inception in 2007." That is an understatement. This case has a tortured history that involves extensive litigation and court involvement.

Father and respondent Nadezhda Medvedovski (mother) married in October 2003 and had two daughters, S.M., born in August 2005, and K.M., born in August 2006. The parties separated in 2007, after mother alleged domestic violence by father and sought an order for protection (OFP). *Medvedovski v. Medvedovski,* No. A09-2078, 2010 WL 2900321, at *1 (Minn. App. July 27, 2010), *review denied* (Minn. Sept. 29, 2010). Father "denied any physical altercation, but resolved the pending order-for-protection proceeding by agreeing to a no-contact order, granting [mother] temporary sole physical custody of the children, allowing supervised visitation, and agreeing to the appointment of a guardian ad litem." *Id.* Father's supervised parenting time ended in July 2008, but mother's "no-contact order" continued. *Id.* In December 2008, mother sought and obtained an OFP

on behalf of the children, claiming that father had engaged in sexual contact with S.M. *Id.* Father denied any sexual contact with S.M. *Id.* An "ensuing investigation was inconclusive." *Id.*

In September 2009, the district court dismissed the OFP, dissolved the parties' marriage, and granted mother sole legal and physical custody of the children. The court reserved parenting time "pending further order of the court," based on its finding that the children's best interests were served by having no parenting time with father "until such time as the appropriateness of reunification is determined and a plan for reunification is advanced." Father appealed, and this court affirmed, modifying only the district court's inadvertent double counting of dissipated assets as it applied to the division of the parties' property. *Id.* at *3. The record reflects that father's parenting time and contact with his children has been substantially restricted since 2007, although the record appears to be void of any investigatory determination or judicial finding that father has ever abused his children.

In October 2014, October 2015, and April 2016, father moved for sole legal and physical custody of the children.[1] The district court denied each motion. In February 2017, within two years of father's prior custody-modification motion, father again moved for sole legal and physical custody of the children on the basis of endangerment and interference with his parenting time. The court noted that father's arguments were the same arguments addressed in the three prior orders filed by the district court and did not find that

---

1. In an April 6, 2015 "Reunification Therapy Status Summary," the children's court-appointed reunification therapist reported that "[mother]'s blatant and unrelenting alienation of the children against their father is remarkable," "[mother] is quite clever about marshalling and manipulating resources to support her position," "[mother] seems to think she is smarter and one step ahead of everyone else," and "[mother] states she is supportive of the process; however, her behaviors contradict her words."

"there [wa]s a persistent and willful denial or interference with parenting time, or [that] the court ha[d] reason to believe that the child[ren]'s present environment may endanger the child[ren]'s physical or emotional health or impair the child[ren]'s emotional development" under Minn. Stat. § 518.18(c). Yet the court considered the merits of father's motion under Minn. Stat. § 518.18(d) (2016), and denied it without an evidentiary hearing.

This appeal follows.

## ISSUE

■ When a party files a custody-modification motion within two years after the disposition of a prior motion on the merits, and the district court does not find the existence of an exception under Minn. Stat. § 518.18(c), is the custody-modification motion procedurally barred under Minn. Stat. § 518.18(b), thereby relieving the court of any obligation to consider the merits of the motion?

## ANALYSIS

■ Father challenges the district court's denial of his custody-modification motion without an evidentiary hearing. Minnesota Statutes section 518.18 governs the modification of custody orders and parenting plans after "the entry of a decree of dissolution or legal separation containing a provision dealing with custody, except in accordance with [section 518.18](c)." Minn. Stat. § 518.18(a) (2016); *see Crowley v. Meyer*, 897 N.W.2d 288, 293 (Minn. 2017). "The party seeking a modification of the custody arrangement in the judgment and decree bears the burden of meeting the requirements of section 518.18." *Crowley*, 897 N.W.2d at 293.

■ "Appellate review of custody modification and removal cases is limited to considering whether the [district] court abused its discretion by making findings unsupported by the evidence or by improperly applying the law." *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008) (quotations omitted) (citation omitted). "Appellate courts set aside a district court's findings of fact only if clearly erroneous, giving deference to the district court's opportunity to evaluate witness credibility." *Id.* "Findings of fact are clearly erroneous where an appellate court is left with the definite and firm conviction that a mistake has been made." *Id.* (quotation omitted) (citation omitted). But interpretation of statutes is a question of law that we review de novo. *Nelson v. Nelson*, 866 N.W.2d 901, 903 (Minn. 2015).

Minnesota Statutes section 518.18(b) provides: "If a motion for modification has been heard, whether or not it was granted, unless agreed to in writing by the parties *no subsequent motion may be filed within two years* after disposition of the prior motion on the merits, except in accordance with paragraph (c)." (Emphasis added.) Paragraph (c) states that the two-year time limitation "shall not prohibit a motion to modify a custody order or parenting plan if the court finds that there is persistent and willful denial or interference with parenting time, or has reason to believe that the child's present environment may endanger the child's physical or emotional health or impair the child's emotional development." Minn. Stat. § 518.18(c).

■ Minnesota law requires a court to consider a moving party's motion that is filed within two years after disposition of the prior motion on the merits only if the court makes a finding under paragraph (c). The moving party then is entitled to an evidentiary hearing only if the moving party makes a prima facie case for modification by alleging that (1) the children's circumstances have changed, (2) modification would serve the children's best interests,

(3) the children's present environment endangers their physical or emotional health or development, and (4) the benefits of modification outweigh its detriments with respect to the children. *Crowley*, 897 N.W.2d at 293–94.

In this case, on May 7, 2016, the district court denied father's prior custody-modification motion. On February 17, 2017, within two years after disposition of that motion, father filed the present modification motion. Mother did not agree to the motion in writing. Because the district court did not make a finding required under Minn. Stat. § 518.18(c), father was not entitled to the court's consideration of the merits of his custody-modification motion, let alone an evidentiary hearing. *See Smith v. Smith*, 508 N.W.2d 222, 227 (Minn. App. 1993) (recognizing that under Minn. Stat. § 518.18(a), (c), "for a district court to even entertain" a custody-modification motion made earlier than one year after entry of a dissolution decree, the affidavit accompanying the modification motion must allege facts showing a persistent denial of visitation or that the children are endangered in their present environment).

Moreover, under the plain language of Minn. Stat. § 518.18(b), (c), father was not entitled to proceed with his custody-modification motion without the district court first finding "that there is persistent and willful denial or interference with parenting time" or determining that it had "rea-son to believe that the child's present environment may endanger the child's physical or emotional health or impair the child's emotional development." Minn. Stat. § 518.18(b), (c); *see Smith*, 508 N.W.2d at 227. Although father's February 17, 2017 modification motion alleged that the children were endangered in mother's care, he failed to provide the district court with a reason to believe that the children's present environment endangers their physical or emotional health or development. And mother's failure to object to father's modification motion on a statutory procedural basis does not render the motion compliant with Minn. Stat. § 518.18(b).

## DECISION

Father was not entitled to the court's consideration of the merits of his custody-modification motion, or an evidentiary hearing, because his motion was procedurally barred under Minn. Stat. § 518.18(b). The district court therefore did not err by denying father's custody-modification motion without an evidentiary hearing.

**Affirmed.**