*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-1313**

Ingrid Alexander,
Respondent,

vs.

City of Minneapolis,
Appellant,

and

Matrix Development LLC,
Appellant.

**Filed May 5, 2025**
**Appeal dismissed**
**Bentley, Judge**

Hennepin County District Court
File No. 27-CV-23-12927

Thomas F. DeVincke, Patrick B. Steinhoff, Malkerson Gunn Martin LLP, Minneapolis, Minnesota (for respondent)

Kristyn Anderson, City of Minneapolis Attorney, Tracey N. Fussy, J. Haynes Hansen, Assistant City Attorneys, Minneapolis, Minnesota (for appellant City of Minneapolis)

Mark Thieroff, Siegel Brill, P.A., Minneapolis, Minnesota (for appellant Matrix Development, LLC)

Considered and decided by Harris, Presiding Judge; Ede, Judge; and Bentley, Judge.

**BENTLEY**, Judge

The issue in this appeal is whether a justiciable controversy is presented. Respondent Ingrid Alexander sued appellants Matrix Development LLC and the City of Minneapolis to obtain a declaration that the city's approval of four variances for Matrix was unlawful. The city and Matrix jointly moved for summary judgment, arguing that the district court lacked subject-matter jurisdiction. They argued that there was no justiciable controversy because the city had amended its zoning code so the variances were no longer required. The district court denied their motion for summary judgment, and they brought this interlocutory appeal. Then, after the parties filed their principal briefs, the city again amended its zoning code. The amendment applies retroactively and provides that "[a]ny zoning approval . . . that becomes unnecessary through the adoption of less restrictive regulations is void." Minneapolis, Minn., Ordinance No. 2024-044 §§ 1-2 (November 20, 2024). Because the plain language of the most recent amendment establishes that the variances Alexander challenges are void, we conclude that this appeal does not present a justiciable controversy. We therefore lack subject-matter jurisdiction and must dismiss the appeal.

## FACTS

Matrix owns two adjacent properties in Minneapolis that comprise the site of its development project. In October 2022, it applied for four setback variances in connection with the project, as required by the zoning code in effect at that time (the 1999 zoning code). *See* Minneapolis, Minn. Code of Ordinances (MCO) § 552.810 (2020)). The city

granted final approval of the variances in January 2023. Then, in May 2023, the city adopted a new zoning code (the 2023 zoning code). *See* Minneapolis, Minn., Ordinance No. 2023-032 (May 30, 2023). Relevant here, the 2023 zoning code reclassified the project site's primary zoning district and updated the applicable setback requirements such that a project like Matrix's would no longer require the four variances. *See* MCO §§ 530.10, 530.300-360, 540.880 (2023)). The relevant section of the 2023 zoning code took effect on July 1, 2023. Minneapolis, Minn., Ordinance No. 2023-032 (May 30, 2023) (codified at MCO § 520.40(a)-(b) (2023)).[1] Shortly thereafter, Matrix began construction on its project, which had an expected completion date of July 2024.

Alexander owns a property adjacent to the project site. In August 2023, she brought an action in district court under Minn. Stat. §§ 462.361, 555.01-.16 (2024), seeking review

---

[1] The 2023 zoning code included the following scope-of-regulation provision:

> (a) In general. All uses of land or structures, all alterations, expansions or relocations of existing structures, and all expansions, relocations or intensifications of existing uses shall be subject to all applicable regulations of this zoning ordinance.

> (b) Exceptions. Buildings and uses that require a land use application under the 1999 zoning code will be regulated in accordance with the 1999 zoning code when a complete land use application is submitted prior to July 1, 2023. In all other instances, where a building permit (or grading or earth retention permit for construction of a building) has been issued and all required environmental approvals have been received for the establishment, construction, alteration, expansion, relocation, or intensification of any structure or use prior to the effective date of this zoning ordinance, such action may be completed in accordance with the regulations of the 1999 zoning code, provided the use is established, or construction or

3

of the city's decision to grant Matrix's variance requests. Alexander alleged that the city's decision was "arbitrary, capricious, unreasonable and contrary to law" and sought a declaratory judgment to that effect. In their joint answer, Matrix and the city asserted mootness as an affirmative defense, arguing that the 2023 zoning code applied to Matrix's project. They asserted that the action was moot because Matrix's project could "proceed . . . without the variances that [Alexander] is complaining about" under the 2023 zoning code.

The parties then filed cross-motions for summary judgment. Alexander sought summary judgment in her favor, arguing that the city lacked the authority to grant Matrix's variances and that its decision was contrary to the statutory requirements for a variance. Her arguments were predicated on an assumption that the 1999 zoning code applied to Matrix's project. In the city and Matrix's joint motion for summary judgment, they challenged that assumption, arguing that Alexander's claim was nonjusticiable because the variances that the city granted Matrix were unnecessary under the 2023 zoning code. Alternatively, they maintained that the city acted within its authority and in accordance with the zoning code when it granted Matrix's variances.

In an order dated July 22, 2024, the district court denied the city and Matrix's motion for summary judgment and granted Alexander's motion for summary judgment. The

---

excavation is begun within ninety (90) days of such date and proceeds on a continuous basis toward completion, and subject thereafter to the regulations of Chapter 545, Article VI, Nonconforming Uses and Structures.

MCO § 520.40(a)-(b) (2023).

4

district court determined that Alexander's claim was not moot because Matrix's application for the variances was regulated by the 1999 zoning code. On the merits of Alexander's claim, the district court determined that there were no genuine issues of material fact and that, as a matter of law, the city's decision to grant Matrix's variances lacked a rational basis. The district court ordered "an evidentiary hearing on an appropriate remedy as opposed to ordering removal of the offending structures."

Matrix and the city appealed from the denial of their motion for summary judgment. Alexander moved for this court to dismiss the appeal as premature, but by order of a special term panel, we denied Alexander's motion to dismiss because the appeal raises a jurisdictional issue. The special term panel noted that, because a motion to dismiss for lack of jurisdiction is immediately appealable, the district court's order denying appellants' motion for summary judgment based on lack of justiciability is immediately appealable.

Then, on November 20, 2024, after Matrix and the city filed this appeal but before oral arguments, the city amended the provision of the zoning code that sets forth the scope of the 2023 zoning code (the 2024 amendment). Minneapolis, Minn. Ordinance No. 2024-044 (Nov. 20, 2024) (codified at MCO § 520.40 (2024)). The provision as amended reads, in relevant part:

> (b) Exceptions. A complete land use application submitted prior to July 1, 2023, shall be reviewed utilizing the zoning regulations and review processes in place at the time the complete application was submitted and buildings or uses may be established and completed in accordance with the regulations of the 1999 zoning code . . . . An applicant may avail themselves of less restrictive requirements provided by the zoning regulations in effect on July 1, 2023, or later. *Any zoning approval granted by the city planning commission,*

5

> *board of adjustment or city council that becomes unnecessary through the adoption of less restrictive regulations is void, and the building or use is no longer subject to the former regulations.*

*Id.* (emphasis added). The 2024 amendment was "effective retroactively from . . . July 1, 2023." *Id.*

**DECISION**

"The presence of a justiciable controversy is 'essential to [a court's] exercise of jurisdiction.'" *Cruz-Guzman v. State*, 916 N.W.2d 1, 7 (Minn. 2018) (quoting *Bicking v. City of Minneapolis*, 891 N.W.2d 304, 308 (Minn. 2017)). To be justiciable, a controversy must "involve[] definite and concrete assertions of right." *Kahn v. Griffin*, 701 N.W.2d 815, 821 (Minn. 2005). "Merely possible or hypothetical injury" will not suffice. *Id.* Whether a court has subject-matter jurisdiction over a controversy and whether a case is moot are issues of law that we review de novo. *Snell v. Walz*, 985 N.W.2d 277, 283 (Minn. 2023) (mootness). "[L]ack of subject matter jurisdiction may be raised at any time by the parties or sua sponte by the court, and cannot be waived by the parties." *Dead Lake Ass'n v. Otter Tail County*, 695 N.W.2d 129, 134 (Minn. 2005).

Here, whether we have subject-matter jurisdiction over this action turns on an interpretation of the city's zoning code. We review de novo "[t]he interpretation of an existing ordinance," *RDNT, LLC v. City of Bloomington*, 861 N.W.2d 71, 75 (Minn. 2015) (quotation omitted), and the application of an ordinance to undisputed facts, *City of Morris v. Sax Investments, Inc.*, 749 N.W.2d 1, 5 (Minn. 2008). Where the plain language of an ordinance is clear and unambiguous, we enforce the language of the ordinance. *See Nelson*

6

*v. Nelson*, 866 N.W.2d 901, 903 (Minn. 2015) (stating that we enforce the plain language of a statute). As an appellate court, we also "apply the law as it exists at the time [that we] rule on a case, even if the law has changed since a lower court ruled on the case." *Interstate Power Co. v. Nobles Cnty. Bd. of Comm'rs*, 617 N.W.2d 566, 575 (Minn. 2000).

The 2024 amendment is "the law as it exists at the time" that we consider this appeal. *Id.* We therefore must determine whether Alexander's action is justiciable in light of that amendment. Our recent decision in *Murphy v. City of Minneapolis*, in which we interpreted and applied the 2024 amendment, instructs that a live controversy no longer exists. ___ N.W.3d ___, ___, 2025 WL 1021742, at *10 (Minn. App. Apr. 7, 2025).

In *Murphy*, the city granted two variances to a developer seeking to build a mixed-use building. 2025 WL 1021742, at *1. Murphy, whose home is located near the project site, sought judicial review of the city's decision to grant those variances in connection with the project. *Id.* One of those variances became unnecessary under the 2023 zoning code, which took effect after the city granted the variances. *Id.* at *10. On appeal, we considered whether Murphy's challenge to that variance presented a justiciable controversy, which required us to assess the effect of the 2024 amendment on his challenge. *Id.* at *9-10. Relying on the plain text of the amendment—that "[a]ny zoning approval granted by the . . . city council that becomes unnecessary through the adoption of less restrictive regulations is void"—we concluded that the challenged variance in *Murphy* was void. *Id.* at *10 (quoting MCO § 520.40(b) (2024)). And, as a result, we held that "the reasonableness of the city's actions in granting the variance is a nonjusticiable issue." *Id.* The same reasoning applies here.

7

The 2024 amendment renders the variances at issue here void. As in *Murphy*, there is no dispute that the setback requirements in the 2023 zoning code that are applicable to Matrix's project are "less restrictive" than the requirements in the 1999 zoning code. Alexander did not dispute in the district court proceedings or on appeal that, if the 2023 zoning code applies, Matrix would not need the variances it sought to proceed with its project as planned. And because the variances have now become "unnecessary through the adoption of" the 2023 zoning code, they are void. *Id.*; *see* Minneapolis, Minn., Ordinance No. 2024-044, at §§ 1-2 (November 20, 2024). It follows that "the reasonableness of the city's actions in granting the variance[s]" presents a "nonjusticiable issue." *Murphy*, 2025 WL 1021742, at *10.

We conclude that we lack subject-matter jurisdiction over this case and therefore dismiss the appeal. *See Farm Bureau Mut. Ins. Co. v. Schwan*, 687 N.W.2d 388, 391 (Minn. 2004) (holding that if "an event occurs pending appeal that makes a decision on the merits unnecessary[,] . . . the issue must be dismissed as moot" (quotation omitted)). Because we dismiss the appeal, and given its interlocutory nature, we do not grant any relief with respect to the district court proceedings. The parties may seek appropriate relief in the district court in light of this opinion and the 2024 amendment.

**Appeal dismissed.**