*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0582**

In the Matter of the Trust Created under Agreement By and Between Barbara A Gaughan, Settlor, and Barbara A Gaughan, Trustee, dated June 12, 1998, as amended.

**Filed November 17, 2025**
**Affirmed**
**Cochran, Judge**

Hennepin County District Court
File No. 27-TR-CV-22-46

Kathi Bjorkman, Scottsdale, Arizona (pro se appellant)

Brian A. Dillon, Richard C. Landon, Brooke F. Robbins, Lathrop GPM LLP, Minneapolis, Minnesota (for respondent Lighthouse Management Group, LLC)

Evan A. Nelson, Carly J. Johnson, Maslon LLP, Minneapolis, Minnesota (for respondent Karen Wichmann)

Vincent D. Louwagie, Cory D. Olson, Dan Hall, Anthony Ostlund Louwagie Dressen & Boylan P.A., Minneapolis, Minnesota (for respondent Maureen Allan)

William R. Skolnick, Andrew H. Bardwell, Skolnick, Bardwell & Johnson, P.A., Minneapolis, Minnesota (for respondent Patrick Gaughan)

Considered and decided by Ede, Presiding Judge; Smith, Tracy M., Judge; and Cochran, Judge.

**NONPRECEDENTIAL OPINION**

**COCHRAN**, Judge

In this trust dispute, appellant co-trustee and beneficiary challenges the district court's order granting respondent special fiduciary's request for reimbursement of attorney

fees from the trust. Appellant argues that it was an abuse of discretion for the district court to grant respondent's request for attorney fees without allowing her additional discovery. We affirm.

**FACTS**

This case involves the administration of a trust executed in 1998 by Barbara A. Gaughan, who was the settlor and trustee at the time of execution. The trust owns interests in several entities comprising various holdings in the Gaughan family businesses. The trust provides that, upon Barbara's death, the remaining trust assets were to be divided equally among Barbara's four children—appellant Kathi Bjorkman and respondents Karen Wichmann, Maureen Allan,[1] and Patrick Gaughan. In August 2018, the trust was amended for the third and final time to appoint Bjorkman and Wichmann to serve as successor co-trustees upon their mother's death.

After Barbara passed away in 2022, Wichmann filed a petition for an order confirming appointment of trustee, beginning a probate action in district court. While serving as co-trustees, Bjorkman and Wichmann repeatedly disagreed on key issues related to the administration of the trust, such as which company should provide the real estate appraisal for the estate's tax return and the valuation number to be submitted with the tax return. These disagreements led to cross motions to suspend co-trustees. Bjorkman and Gaughan requested that the district court suspend Wichmann or, alternatively, for an instruction directing Wichmann to agree to use their preferred appraisal. Conversely,

---

[1] The parties refer to Maureen Allan as "Oracle Maureen" in their briefing. We use this preferred name throughout the body of the opinion.

2

Wichmann and Oracle Maureen requested that the district court suspend Bjorkman. Oracle Maureen also sought the appointment of a special fiduciary. The district court denied all motions to suspend trustees but granted the motion to appoint a special fiduciary.

In May 2023, the district court appointed respondent Lighthouse Management Group LLC to serve as special fiduciary of the trust. One year later, the district court granted Wichmann's motion to toll deadlines in the case, noting that Lighthouse and the co-trustees had made significant progress administrating the trust. The district court ordered that "[a]ll discovery and pre-trial deadlines under the Court's October 12, 2023, Amended Scheduling Order shall be tolled as of January 15, 2024, until further Order of the Court." The district court further provided that, "[i]n the interim, the parties shall seek to access information and documentation by making requests under Minnesota Statutes Section 501C.0813(a) and other relevant statutes."

In September 2024, Wichmann filed a request for payment of attorney fees and costs from the trust. In October, Lighthouse filed a petition for approval of the special fiduciary's second interim accounting, all acts and doings of the special fiduciary, and direction regarding related party transaction review.[2] Lighthouse requested, among other things, that the district court approve Lighthouse's second interim accounting, including payment of all administrative fees, costs, professional fees, and attorney fees during the relevant

---

[2] Lighthouse filed its first petition in November 2023. The district court approved all acts and doings of Lighthouse through December 12, 2023, approved Lighthouse's first interim accounting through November 15, and confirmed and approved all fees through November 15.

period. Also in October, Gaughan filed a request for payment of attorney fees and costs from the trust.

Bjorkman objected in writing "to Wichmann['s] request for reimbursement of attorney fees" and "to paying the invoices of Lighthouse and its request for payment of its attorney fees." Bjorkman requested that no funds be disbursed until it was confirmed that the trust was solvent and could pay its obligations. She also requested an evidentiary hearing and asserted that the outstanding discovery responses from Wichmann and Oracle Maureen would help her prepare for the evidentiary hearing and would benefit the estate. She did not specifically object to payment of Gaughan's attorney fees.

In a February 2025 order, the district court granted Lighthouse's request for reimbursement of $64,333.26 in attorney fees. The district court also awarded Wichmann $289,197 and Gaughan $55,563.50 in attorney fees. Wichmann's and Gaughan's awards were each less than the full amount requested. The district court reserved the portion of Wichmann's and Gaughan's requests for attorney fees related to a lis pendens,[3] concluding that it needed additional information to evaluate those specific requests.

In its order, the district court considered Bjorkman's concern that the disbursements for attorney fees would risk insolvency for the trust, but credited Lighthouse's counsel's

---

[3] A lis pendens is a notice, filed with the county recorder's office, to inform "purchasers and encumbrancers" of the pendency of a legal action regarding the "title to, or any interest[s] in or lien upon, real property." Minn. Stat. § 557.02 (2024); *see also Black's Law Dictionary* 1115 (12th ed. 2024) (defining lis pendens as "[a] notice, recorded in the chain of title to real property, . . . to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome").

representation "that the $5.8 million in reserves are sufficient, such that the Court should not have any concern that the amount of fees currently requested would negatively impact the trust's solvency." The district court also made specific findings regarding each request for attorney fees that it awarded, finding each to be reasonable and further finding that it would be fair and equitable to require the fees to be paid from the trust.

Bjorkman appealed the district court's order, challenging the portions of the order awarding Lighthouse and Wichmann attorney fees. She did not challenge the award of attorney fees to Gaughan.

While the appeal was pending, we filed an order questioning jurisdiction as to Bjorkman's challenge to the award of attorney fees to Wichmann because it did not appear the district court's order fully resolved Wichmann's petition for attorney fees. Wichmann and Bjorkman submitted informal memoranda in response. In May 2025, we dismissed the portion of the appeal seeking review of the district court's order granting Wichmann's request for attorney fees, concluding that part of the appeal was premature because the district court had not fully determined Wichmann's request for attorney fees relating to the lis pendens. Therefore, the scope of this appeal is limited to Bjorkman's challenge to the portion of the district court's order granting Lighthouse's request for reimbursement of attorney fees from the trust.

**DECISION**

"In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party from the trust that is the subject of the judicial proceeding." Minn. Stat.

5

§ 501C.1004 (2024); *see also In re Jorgenson Fam. Tr.*, 10 N.W.3d 502, 507 (Minn. App. 2024) (holding that section 501C.1004 governs attorney-fee awards to third parties).

We review a district court's decision to award attorney fees for an abuse of discretion. *Jorgenson*, 10 N.W.3d at 506; *see also In re Tr. Created by Hill*, 499 N.W.2d 475, 493 (Minn. App. 1993) ("Determination of whether attorney fees will be chargeable to a trust is within the sound discretion of the [district] court and will not be reversed absent an abuse of discretion."), *rev. denied* (Minn. July 15, 1993). "A district court abuses its discretion if it makes fact findings unsupported by the evidence, misapplies the law, or renders a decision contrary to logic and facts in the record." *Jorgenson*, 10 N.W.3d at 506 (citing *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022)).

Bjorkman argues that the district court abused its discretion because it granted Lighthouse's request for attorney fees without permitting additional discovery, resulting in an insufficient record for it to determine whether the fees awarded to Lighthouse were necessary and reasonable. We first address Lighthouse's position that Bjorkman's argument is forfeited[4] under *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988), and then turn to Bjorkman's argument that the district court abused its discretion.

---

[4] We note that Lighthouse argues that Bjorkman's argument is waived. In this context, we use the term forfeited instead. *See State v. Beaulieu*, 859 N.W.2d 275, 278 n.3 (Minn. 2015) (observing that "the United States Supreme Court has drawn a distinction between forfeiture and waiver" by "explaining that[,] whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right," and stating that the Minnesota Supreme Court "use[s] the word 'forfeiture' when describing a failure to make a timely assertion of a right" (quotations omitted)).

## I. Bjorkman's argument is not forfeited because she preserved the issue for appeal in her written objection to Lighthouse's request for attorney fees.

Lighthouse argues that Bjorkman's argument is forfeited because she raised it for the first time on appeal. As a reviewing court, we "must generally consider only those issues that the record shows were presented and considered by the [district] court in deciding the matter before it." *Thiele*, 425 N.W.2d at 582 (quotation omitted). And we cannot consider issues that were raised below, but under a different theory than on appeal. *Id.*

Lighthouse contends that "[w]hile Bjorkman may have argued that her unanswered discovery requests to Wichmann and Oracle Maureen were relevant to her objection to other parties' separate request[s] for fees, that general argument is not enough to preserve a right to specifically argue for the first time on appeal that discovery was needed for resolution of Lighthouse's separate petition." Bjorkman responds that the record demonstrates she objected to the fees at issue. We agree with Bjorkman.[5]

The record demonstrates that Bjorkman argued to the district court that it should grant her discovery requests and hold an evidentiary hearing before granting Lighthouse's request for attorney fees. Bjorkman "object[ed] to paying the invoices of Lighthouse and its request for payment of its attorney fees," and she requested that no money be disbursed until it was verified that the trust was "solvent and can pay its obligations as the same come

---

[5] Lighthouse also argues that "Bjorkman never argued to the district court that she somehow needed discovery from Lighthouse to assess the fees requested in its petition." This argument is supported by the record, but it does not indicate forfeiture because it is inconsistent with Bjorkman's argument on appeal.

due." Bjorkman also requested an evidentiary hearing to "ferret out whether estate management has been proper, whether taxation issues exist, whether the fees being sought for professional services were necessary and whether the value of those services is fair and reasonable and hopefully whether distributions can be made to the heirs." And she asserted that the discovery responses from Wichmann and Oracle Maureen would help her prepare for the evidentiary hearing and would benefit the estate.

Although Bjorkman presents a more straightforward argument on appeal, she does not raise a new argument or a new theory. Bjorkman argued in her written objection to the district court that it should grant her outstanding discovery requests and hold an evidentiary hearing before granting Lighthouse's, or any, request for attorney fees—the same argument she now raises on appeal. The district court had an opportunity to consider this argument and implicitly determined that additional discovery was unnecessary for its determination when it granted Lighthouse's request and overruled Bjorkman's objection. Accordingly, Bjorkman preserved the issue for appeal and her argument is not forfeited.

## II.     The district court did not abuse its discretion when it granted Lighthouse's request for attorney fees without permitting additional discovery.

Bjorkman argues that the district court abused its discretion because it granted Lighthouse's request for attorney fees without permitting the parties to engage in additional discovery, resulting in an insufficient record for it to determine whether the fees were necessary and reasonable. We review the reasonableness of a district court's attorney-fee decision for clear error. *Jorgenson*, 10 N.W.3d at 508. "[W]e will leave [the district court's] finding intact unless it leaves us with a firm conviction that the district court made

8

a mistake." *Id.* When determining whether attorney fees are reasonable, the district court should consider: "(1) the character, ability and experience of the attorneys; (2) the responsibilities they assumed; (3) the difficulty of the issues raised; (4) the time, labor and skill required; (5) customary fees for similar services; (6) the amount involved; and (7) the results obtained." *In re Great N. Iron Ore Props.*, 311 N.W.2d 488, 493 (Minn. 1981).

The record demonstrates that the district court considered all seven of these factors. In its written order, the district court found that "[n]o party argued that Lighthouse's counsel lack character, ability, or experience, or that the hourly rate they charge is more than the customary amount charged among other local firms." It also considered the attorneys' and paralegals' hourly rates, and found that the "difficulty of the issues in this case have been significant," and that the "responsibilities, time, labor, and skill required are all consistent with the needs of this case." The district court determined that the amount of fees requested, while significant, was not out of the ordinary for trust disputes, that Lighthouse was a neutral party, and that the court "frequently found Lighthouse's positions . . . meritorious."

Bjorkman does not argue that any of these findings are clearly erroneous or otherwise unsupported by the record, but argues that the district court erred because she is still entitled to discovery from Wichmann and Oracle Maureen. We review a district court's decision regarding discovery for an abuse of discretion. *Hill*, 499 N.W.2d at 490; *see also Shetka v. Kueppers*, 454 N.W.2d 916, 921 (Minn. 1990) ("[A] [district court] judge has wide discretion to issue discovery orders and, absent clear abuse of that discretion, normally its order with respect thereto will not be disturbed.").

In her principal brief, Bjorkman does not directly argue what specific outstanding discovery was necessary for the district court to make its determination as to the reasonableness of Lighthouse's attorney fees' request, but she appears to refer to discovery efforts "to ascertain amongst other things what prompted the large differences between appraisals that Bjorkman ordered and paid for . . . as opposed to the appraisals prepared by [the firm hired by Lighthouse]." Bjorkman was concerned that the estate "may have overpaid millions in estate taxes." And, as discussed above, "[g]iven the Trust's accounting and tax issues," Bjorkman objected to Lighthouse's request for attorney fees and did not want any money disbursed until it was verified that the trust was solvent and could pay its outstanding obligations.

The district court reviewed Bjorkman's written objection and determined that Lighthouse's petition and affidavit in support of its request for fees, along with its statements at the hearing, provided sufficient information to decide on the reasonableness of the fees without further discovery or an evidentiary hearing. The district court also considered Bjorkman's concern that the estate may become insolvent, but found that "Lighthouse's counsel's representations at the November 13, 2024, hearing are sufficient to allay the Court's concern that the estate is at risk of insolvency at present." We "defer to the district court's opportunity to assess the credibility of witnesses." *In re Stisser Grantor Tr.*, 818 N.W.2d 495, 507 (Minn. 2012). And because Bjorkman did not order a transcript of the hearing, this court cannot review this finding but is "limited to determining whether the [district] court's findings of fact support its conclusions of law." *Am. Fam. Life Ins. Co. v. Noruk*, 528 N.W.2d 921, 925 (Minn. App. 1995), *rev. denied* (Minn.

10

Apr. 27, 1995); *see also* Minn. R. Civ. App. P. 110.02, subd. 1(a) (stating that it is the appellant's duty to order a transcript "of those parts of the proceedings not already part of the record which are deemed necessary for inclusion in the record").

Bjorkman further contends that "[g]iven all of the 'moving parts' and huge amounts of attorneys and administration fees at stake, it is likely that the discovery owed to . . . [her] will trigger a material downward adjustment to the invoiced amounts of attorney and administration fees." But she does not explain this argument with additional analysis or authority. Other than generally asserting that the invoiced amounts would be lower, Bjorkman does not explain how additional discovery would have changed the district court's decision to grant Lighthouse's request for reimbursement of attorney fees, or how the district court's decision was otherwise unsupported by the record. *See Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971) (stating an assignment of error based on a "mere assertion" is forfeited unless prejudicial error is obvious). We discern no obvious error from the record on this point.

In sum, our careful review of the record before us confirms that the district court's findings of fact support its decision to award attorney fees to Lighthouse, and thus its decision, based on those findings, was not an abuse of discretion. Therefore, we affirm the district court's decision to grant Lighthouse's request for reimbursement of attorney fees from the trust without allowing Bjorkman additional discovery.

**Affirmed.**

11